42333. UNDERCOFLER, Commissioner v. THOMPSON INDUSTRIES, INC.

JORDAN, Judge. Thompson Industries, Inc. appealed to Lowndes Superior Court on a sales and use tax assessment covering the taxable period from January 1960 through December 1962, and the State Revenue Commissioner has appealed to this court from an adverse decision of the trial court.

The stipulated facts show that the taxpayer is engaged in the manufacture of bright metal parts used as trim and accessories in the production of automobiles, home appliances and other durable consumer goods. The taxpayer obtains tooling required to stamp out these parts from a tool and die plant in accordance with its customer's design and engineering drawings, in turn selling the tooling to its customers at cost plus sales tax, but retaining the tooling for use in producing the parts thereafter ordered by the customer. After examining the tooling, the customer then authorizes the taxpayer to proceed with the production of the product in such quantities as it desires. The customer might, and often does, require modifications in the tooling from time to time due to engineering changes, model changes or for other reasons.

In general, the same tool and die company which made the original tooling makes the modifications at the request of the

taxpayer, who pays for the changes, free of any sales tax, and charges its customers the exact cost of the changes. Materials used in such modifications are negligible, and the cost is primarily for services, i.e., engineering, precision work by skilled laborers, and use of equipment, in changing the tooling to enable the taxpayer to produce parts meeting the needs of its customers.

The sales tax was collected and remitted for the cost of the original tooling and the sole issue here is whether the taxpayer properly excluded from its tax base the charges made for modifying the tooling sold to and owned by its customers. *Held:*

Charges by a taxpayer to its customers for modifications in tooling sold by the taxpayer to its customers, but retained and used by the taxpayer to manufacture stamped bright metal parts for the customers, such charges representing the costs to the taxpayer of tax-free services generally obtained from a third party, without any specific charge for the negligible use of materials, are charges for ". . . services rendered in . . . remodeling or repairing property sold . . ." and were therefore properly excluded from the taxable sales price defined in Section 3(c) 3(a) (*Code Ann.* § 92-3403a E) of the Georgia Retailers' and Consumers' Sales and Use Tax Act.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 7, 1966—DECIDED OCTOBER 21, 1966.

*Arthur K. Bolton, Attorney General, William L. Harper, Louis F. McDonald, Assistant Attorneys General,* for appellant.

*Tillman, Brice, McTier & Coleman, B. Lamar Tillman,* for appellee.